**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| TYSON LUNDY, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 4:16-cv-28-RL-JEM |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Tyson Lundy, a pro se prisoner on April 11, 2016. ECF 1. For the reasons set forth below, the petition (ECF 1) is **DENIED**. Petitioner is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The Clerk is directed to **CLOSE** this case.

DISCUSSION

In his petition, Lundy challenges the prison disciplinary hearing (MCF 15-11-264) where he was found guilty of conspiring to use or possess a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202 and B-240. ECF 4-6. The DHO sanctioned Lundy with the loss of 90 days earned credit time. *Id.* Lundy subsequently filed the present petition. ECF 1. Respondent filed a return to the court's order to show cause, arguing that Lundy is not entitled to habeas corpus relief. ECF 4.

Lundy filed a letter replying to the Respondent's arguments. ECF 5. This matter is now fully briefed.

Lundy raises two grounds in his petition. In Ground One, Lundy argues that his due process rights were violated because the DHO amended the original charge of B-202 (use/possession of a controlled substance) to the charge of B-240/B-202 (attempted use or possession of a controlled substance). ECF 1 at 4. Lundy argues that he did not receive adequate notice of the B-240 charge, and thus could not adequately prepare a defense to this charge. *Id.*

Prisoners are entitled to notice of the basis of the charges against them. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The notice requirement is satisfied even if the charge is subsequently amended during, or even after, the disciplinary hearing, so long as the underlying factual basis of the original charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir.2003); *Portee v. Vannatta*, 105 F. App'x 855, 856 (7th Cir. 2004). The same factual allegations were used to support the finding of guilt for the B-240 attempt charge as were used in the original B-202 charge. This was sufficient to satisfy *Wolff*'s notice requirement. Therefore, Ground One is not a basis for habeas corpus relief.

In Ground Two, Lundy claims that he was denied an impartial decision-maker because the DHO had prior interactions with him. ECF 1 at 5. It is true that prisoners are entitled to an impartial

decision-maker. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). However, in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process is not violated simply because the hearing officer knew the inmate or presided over a prior disciplinary case. *Id.* Here, even if the DHO had previous interactions with Lundy, this alone is not sufficient to prove bias.

Lundy also argues that his case should have been adjudicated by a disciplinary board, not a single disciplinary officer. Lundy was not entitled to a multi-member disciplinary panel. Though Lundy was entitled to an impartial decision-maker, there is no due process right to a multi-member, rather than a single-member, decision-maker. While many such hearings have had three member boards, it would be irrational for the Constitution to impose such a requirement given that both federal and state criminal trials (even death penalty proceedings) only require a single judge. Lundy received a hearing by an impartial decision-maker. Thus, Ground Two does not identify a basis for habeas corpus relief.

If Lundy wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis

on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

CONCLUSION

For the reasons set forth above, the petition (ECF 1) is **DENIED.** Petitioner is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The Clerk is directed to **CLOSE** this case.

DATED: June 27, 2017 /s/RUDY LOZANO, Judge
United States District Court